# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

HIRAM R. SMITH,

        Petitioner,

v.                                          Case No. 09-CV-286

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

Petitioner Hiram R. Smith ("Smith") files this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Smith pleaded guilty to one count of discharging a firearm in furtherance of a drug trafficking crime and was sentenced to 144 months of imprisonment. Smith now asks the court to vacate his sentence because he received ineffective assistance of counsel from his attorney, Anthony Cotton ("Attorney Cotton"). For the reasons stated below, the court will deny Smith's motion.

## BACKGROUND

Smith was originally indicted by a grand jury on one count of conspiracy to distribute five grams or more of cocaine and one count of discharging a firearm in furtherance of a drug trafficking crime. If convicted, Smith faced consecutive 10-year mandatory minimum terms of imprisonment. Despite this potential 20 years of prison time, Smith intended to proceed to a jury trial. Smith and a co-defendant, Janson Johnson, appeared for trial on the morning of April 2, 2008. However, at the

last moment, the defendants decided to plead guilty rather than take their chances with a jury. The court adjourned the trial and accepted Smith's plea to Count Two of the Indictment later the same day. Smith appeared for sentencing before this court on June 30, 2008, and the court filed judgment two days later. Smith initially accepted his fate and chose not to appeal the conviction and sentence.

However, Smith later changed his mind. He decided to pursue alternative relief and filed the instant § 2255 motion on March 13, 2009. In his petition, Smith asserted two bases for habeas relief: 1) insufficient evidence to support his conviction; and 2) ineffective assistance of counsel. The court screened Smith's petition in compliance with Rule 4 of the Rules Governing § 2255 Proceedings and determined that Smith had procedurally defaulted and waived his first claim alleging insufficient evidence. Smith's second claim for ineffective assistance of counsel survived the screening process and the court ordered Attorney Cotton and the government to file responses addressing the merits of Smith's claim. The parties filed all required responses and briefs and the petition is now before the court for decision.

**ANALYSIS**

A federal prisoner may file a motion for habeas relief pursuant to 28 U.S.C. § 2255. The statute allows a prisoner to move for his sentence to be vacated, set aside, or corrected when: a) his sentence was imposed in violation of the Constitution of federal law; b) the court did not have jurisdiction to impose the

sentence; c) the sentence was in excess of the maximum authorized by law; or d) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. This type of § 2255 habeas corpus relief, however, is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 63-34 (1993)).

Smith argues that his sentence must be vacated because it was imposed in violation of his right to counsel under the Sixth Amendment. Smith asserts that Attorney Cotton provided ineffective assistance because he failed to interview two witnesses who would have provided exonerating testimony for Smith, and because he coerced Smith into pleading guilty. Smith urges the court to vacate his sentence on the basis of this ineffective assistance of counsel, or alternatively, to grant an evidentiary hearing.

To succeed on an ineffective assistance of counsel claim, a habeas petitioner must prove that: 1) his attorney's performance fell below an objective standard of reasonableness; and 2) he suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 688, 687-88, 693 (1984)). The reasonableness of an attorney's performance is measured under prevailing professional norms. *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). A court's review of counsel's performance is "highly deferential" and a petitioner must overcome the presumption that an attorney's challenged act or omission may be considered sound trial strategy. *Id.* at 891. Further, even if

-3-

counsel's performance was unreasonable, the petitioner must show that it prejudiced his defense. A petitioner establishes prejudice when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694).

Smith fails to establish that Attorney Cotton's representation was either unreasonable under professional norms, or prejudicial to his case. Smith makes two specific allegations against the effectiveness of Attorney Cotton's representation. First, he argues that Attorney Cotton failed to interview and elicit exonerating testimony from two of Smith's co-defendants, Kenyounta Harvester ("Harvester") and Janson Johnson ("Johnson"). Second, Smith argues that Attorney Cotton coerced him into pleading guilty. Smith's claims fall short, however, because he provides no support for his allegations and because the evidence before the court refutes his claims.

Smith and Johnson were both charged with conspiring to distribute cocaine and with discharging a firearm in furtherance of a drug trafficking crime. The two men served as "enforcers" for Harvester, who was the leader of the drug conspiracy. The firearm charge arose from the attempted shooting of Anthony Yateman ("Yateman") because of a drug debt. While Harvester initially told case agents that he did not hire Smith and Johnson to shoot Yateman, he later recanted and stated that he contracted with the two men to commit the shooting. Smith now claims that Harvester and Johnson "could and would have testified" that Smith was not ordered

-4-

to shoot Yateman and was not involved in any conspiracy regarding the attempted shooting.

Smith fails to establish ineffective assistance because he provides no proof that Harvester or Johnson would have provided the testimony he claims. He did not obtain affidavits from Harvester or Johnson. Instead, Smith relies entirely upon his self-serving allegations that the two men would have provided exonerating testimony. The court will not deem Attorney Cotton's representation ineffective in the absence of any evidence supporting Smith's claims.

In addition to lacking evidentiary support, Smith's claim about testimony from Harvester and Johnson appears unlikely on its face. First, the testimony Smith asserts that Harvester would provide is contradictory to Harvester's most recent statements to law enforcement. Though he initially denied it, Harvester later admitted to police that he directed Smith to shoot Yateman. It is true that Harvester gave inconsistent accounts. However, his last statement to law enforcement implicated Smith in the attempted shooting. Smith provides no explanation for why Harvester would reverse his story again and testify to Smith's innocence if called as a witness at trial. Second, Johnson would jeopardize his own criminal defense if he provided the testimony Smith asserts. Johnson was Smith's co-defendant and the two men were being tried in a single jury trial. Thus, Johnson would have had to waive his Fifth Amendment rights and testify in order to provide the exonerating statements Smith alleges. There is no evidence that Johnson intended to do so.

Further, the response filed by Attorney Cotton contradicts Smith's claims. Smith argues that Attorney Cotton did not adequately investigate his case. However, Attorney Cotton reports that he spent considerable time preparing Smith's case for trial by reviewing the many debriefing reports and even hired investigators to confer with witnesses and observe the shooting scene. (Cotton Aff., at ¶¶ 8-9). Attorney Cotton acknowledges that some weaknesses existed in the government's case, but he also notes that considerable evidence existed of Smith's involvement in the planning or organization of the shooting. (*Id.* at ¶ 9). Given the lack of evidence supporting Smith's assertions and Attorney Cotton's contradictory affidavit, Smith utterly fails to establish that Attorney Cotton's representation of his case falls below professional norms based on his investigation of Smith's case.

Smith's argument that Attorney Cotton coerced him into pleading guilty is similarly unconvincing. Smith asserts that he was under extreme mental and emotional stress because his mother was deathly ill and in the hospital at the time of his plea hearing. He also reports that Attorney Cotton applied undue pressure by stating: "you better plead guilty if you ever want to see your mother again." The court does not doubt that Smith was distraught over his mother's illness. However, this fact does not establish that Attorney Cotton coerced Smith into pleading guilty. Smith himself testified that his guilty plea was entered knowingly and voluntarily. At his plea hearing on April 2, 2008, Smith asserted in open court that he was satisfied with his attorney's representation and that he was not coerced into pleading guilty.

-6-

(Plea Hr'g. Tr., at 21-22).[1] The court sees no evidence that Attorney Cotton unreasonably coerced Smith into entering a guilty plea.

Smith fails to establish the first prong of the *Strickland* test for ineffective assistance of counsel because he cannot demonstrate that Attorney Cotton's representation was objectively unreasonable. This deficiency alone is enough to torpedo Smith's habeas petition. However, he also fails to establish the second prong of the *Strickland* test because he cannot demonstrate that Attorney Cotton's advice prejudiced his case. An attorney's representation in the context of a guilty plea only constitutes ineffective assistance when, in the absence of counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *See Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006). Attorney Cotton avers in his affidavit that he believed Smith would not accept any plea deal, but that Smith himself asked the prosecutor about a plea agreement on the morning of trial. (Cotton

---

[1] The transcript from Smith's plea hearing reads in relevant part:

| | |
|---|---|
| THE COURT: | Do you believe you adequately understand all of the relevant terms and provisions that are set forth in this document? |
| DEFENDANT SMITH: | Yes. |
| THE COURT: | And did you have an opportunity to discuss them with Mr. Cotton, your attorney? |
| DEFENDANT SMITH: | Yes. |
| THE COURT: | Did anyone threaten you or coerce you in any way in order to get you to sign this document? |
| DEFENDANT SMITH: | No. |
| THE COURT: | Do you consider your desire to enter a plea of guilty to the conduct charged in count two of the indictment to be the product of a free and voluntary act on your part together with the advice of your attorney? |
| DEFENDANT SMITH: | Yes. |

(Plea Hr'g. T., at 21-22).

-7-

Case 2:09-cv-00286-JPS   Filed 05/07/10   Page 7 of 9   Document 9

Aff., at ¶ 12). Smith's aggressive pursuit of a plea agreement undermines any claim that Smith preferred to proceed to trial. Further, entering into a plea agreement greatly benefitted Smith. He greatly reduced his potential sentence exposure because he plead to only one count of the indictment, rather than two counts. Given that Smith himself instituted plea discussions on the morning of trial and that pleading guilty cut his potential sentence by 50%, Smith fails to show that he would have proceeded to trial in the absence of Attorney Cotton's actions.

Smith does not establish that Attorney Cotton provided ineffective assistance of counsel. Therefore, he does not merit the extraordinary remedy of habeas relief. The court also determines that an evidentiary hearing is unwarranted because the record does not support the issues raised in Smith's § 2255 petition. As a result, the court is obliged to deny Smith's motion in its entirety.

As a final matter, the court must decide whether to grant or deny Smith a certificate of appealability. Under the rules governing § 2255 cases, a district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a). A habeas petitioner must obtain a certificate of appealability before he may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

For the reasons discussed above, Smith fails to make a substantial showing of the denial of his Sixth Amendment rights and the court will deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Smith's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED** and the case is **DISMISSED with prejudice**. The court also **DENIES a certificate of appealability**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge